# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**DEMARCUS FUQUA**                                                                                    **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 5:09CV-P131-R**

**THOMAS L. SIMPSON** *et al.*                                                                **DEFENDANTS**

## MEMORANDUM AND ORDER

This matter is before the Court on initial review of the complaint (DN 1) and its amendments (DNs 5 & 8) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Seeking damages and injunctive relief, Plaintiff Demarcus Fuqua, an inmate in the Kentucky State Penitentiary (KSP), initiated this *pro se* action pursuant to 42 U.S.C. § 1983 against KSP Warden Thomas Simpson; KSP Lieutenant and Internal Affairs Supervisor Michael Ray; and KSP Lieutenant and Court Call Chair Robert Parker.[1] Plaintiff later filed an amended complaint (DN 8) adding KSP Correctional Officer Lloyd Tyre as a Defendant. He sues Defendants Simpson, Parker, and Tyre in their individual and official capacities, and he sues Defendant Ray in his official capacity.

In the complaint (DN 1), Plaintiff alleges violation of the Eighth and Fourteenth Amendments to the U.S. Constitution. He claims that Defendants Simpson, Ray, and Parker conspired to deprive him of safety and security by deliberately denying him protection from KSP staff and other inmates. As a result of Defendants' failure to protect Plaintiff and place him in protective custody ("even after the Commissioner suggested it"), Plaintiff was assaulted twice,

---

[1] Plaintiff originally misidentified Defendant Robert Parker as Bobby Parker but later filed a motion to amend (DN 5) to correct the error, which the Court granted.

and he has also had to pay other inmates for protection.  Plaintiff further alleges that, as a result of his having to defend himself during the assaults, disciplinary action was taken against him leading to segregation and a 24-month extended incarceration period.

In the amended complaint (DN 8), Plaintiff claims that on August 6, 2009, Defendant Tyre assaulted him in retaliation for filing the instant lawsuit and that Defendants Simpson, Ray, and Parker conspired with Defendant Tyre to make it possible for the assault to happen.  Plaintiff further claims that on September 26, 2009, he was assaulted by another inmate, who later admitted being threatened with segregation for the remainder of his sentence by Defendant Ray if he failed to assault Plaintiff.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

The official-capacity claims for money damages must be dismissed on two bases.  First, a state, its agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Second, the official-capacity claims for damages against state officials are barred by the Eleventh Amendment to the United States Constitution.  *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.").

Accordingly,

**IT IS ORDERED** that the official-capacity claims for money damages against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and (2).

**IT IS FURTHER ORDERED that the remaining official and individual-capacity claims of conspiracy, excessive force, failure to protect, retaliation, and loss of liberty WILL PROCEED against all Defendants.**

The Court will enter a separate Scheduling Order governing the development of the continuing claims.

Date:

cc: Plaintiff, *pro se*
     Defendants
     General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005